11-409-cr
United States v. FNU LNU

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                    *Circuit Judges*,
            STEFAN R. UNDERHILL
                    *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                         No. 11-409-cr

FNU LNU, AKA Cruz Manuel Ramos, AKA Garabato, AKA Luis,

                    *Defendant-Appellant*.

_____

For Defendant-Appellant:         GLENN W. FALK, New Haven, Conn.

For Appellee:                    PARVIN D. MOYNE (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York.

---

[*] The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant FNU LNU, a/k/a "Cruz Manuel Ramos," a/k/a "Garabato," a/k/a "Luis" (hereinafter "Ramos"), appeals from a judgment of conviction entered on February 1, 2011, by the United States District Court for the Southern District of New York (Swain, *J.*). Ramos was convicted of crimes in two separate trials. The first trial concerned a conspiracy to rob drug dealers between 2004 and 2005,[1] and the second focused on direct sales of drugs to undercover officials in 2008.[2] During an evidentiary hearing, Ramos perjured himself in an attempt to exclude from both trials his 2008 admission that he had been selling heroin in the Bronx and Manhattan for a number of years. Based on this perjury, the district court applied an obstruction of justice enhancement to all charges for which Ramos was convicted. On appeal, Ramos argues that his false statements did not relate to the 2004 and 2005 charges (Counts 1, 2, 3, 8, and 9) and therefore his sentence is procedurally unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"An enhancement for obstruction of justice is subject to a mixed standard of review. The sentencing court's findings as to what acts were performed, what was said, [and] what the speaker meant by her words . . . will be upheld unless they are clearly erroneous." *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir. 1998). However, a "ruling that the established facts constitute obstruction or attempted obstruction under the Guidelines . . . is a matter of legal

---

[1] Counts 1 through 12 of the Sixth Superseding Indictment.

[2] Counts 13 through 15 of the Sixth Superseding Indictment.

2

interpretation and is to be reviewed *de novo*, giving due deference to the district court's application of the guidelines to the facts." *Id.* (citations and internal quotation marks omitted).

Section 3C1.1 of the United States Sentencing Guidelines provides:

> If (1) the defendant *willfully obstructed or impeded, or attempted to obstruct or impede*, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, *and* (2) *the obstructive conduct related to* (A) *the defendant's offense of conviction and any relevant conduct*; or (B) a closely related offense, increase the level by 2 levels.

U.S.S.G. § 3C1.1 (emphasis added). Thus, § 3C1.1 has "two elements: (1) a temporal element, which requires the obstruction to occur during the investigation, prosecution, or sentencing of the offense of conviction and (2) a nexus element, which requires that the obstructive conduct relate to the offense of conviction." *United States v. Byors*, 586 F.3d 222, 227 (2d Cir. 2009) (footnote omitted). Put differently, the second element requires that "[a]n enhancement for obstruction of justice . . . be granted [only] if the court finds that the defendant willfully and materially impeded the search for justice in the instant offense." *United States v. Zagari*, 111 F.3d 307, 328 (2d Cir. 1997).

Although Ramos's false testimony at the suppression hearing related to events that occurred in 2008, the very purpose of the hearing – and by extension, of Ramos's perjury during that hearing – was to prevent the government from introducing the 2008 statement at the trial on the 2004-2005 offenses. Indeed, the suppression hearing was convened prior to the trial on the 2004-2005 charges because the government explicitly sought to introduce Ramos's 2008 admission at that trial, as evidence that Ramos was a drug dealer who aided his co-conspirators by robbing other drug dealers and reselling the drugs obtained through these robberies. Thus, at the time Ramos testified falsely about his 2008 conduct, he did so, at least in part, to prevent his 2008 statements from being introduced at the 2004-2005 robbery trial. Accordingly, the district

3

court did not err in finding that Ramos's "obstructive conduct" related to all of his "offense[s] of conviction," U.S.S.G. § 3C1.1, and thus we affirm the district court's sentence.

Ramos argues that it is not enough that the government sought to introduce his post-arrest statements at the 2004-2005 robbery trial because, "[b]y that test, the government could unduly expand the application of the obstruction of justice enhancement to numerous counts in many different trials, without regard to the defendant's *mens rea*." Def.'s Br. 21. This argument, however, fails to acknowledge that Ramos obstructed justice at a hearing convened to determine whether the government would be permitted to introduce the 2008 statement at the 2004-2005 trial. Moreover, the district court properly determined that the evidence Ramos sought to suppress was relevant to both the 2004-2005 and the 2008 charges. The government was only precluded from introducing the 2008 statements at the 2004-2005 trial because the district court found them to be too prejudicial.

We have considered Ramos's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE
CLERK OF COURT
